UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

R.W. ZUKIN CORPORATION,

    Plaintiff,

  v.

ALEX R. ORTIZ,

    Defendant.

Case No.15-cv-02188-NC

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 1

Defendant Alex Ortiz filed a notice of removal alleging that this Court has federal question jurisdiction under 28 U.S.C. § 1331. In the underlying complaint, R.W. Zukin Corporation brought a limited action for unlawful detainer, which arises exclusively out of state law. Accordingly, defendant must show cause in writing why removal is proper by May 26, 2015. Also by May 26, 2015, the parties must consent or decline to the jurisdiction of a United State Magistrate Judge, by submitting the form attached.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal of a state court action to federal court is appropriate only if the federal court would have had original subject matter jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is

Case No.: 15-cv-02188-NC

between citizens of different states," 28 U.S.C. § 1332(a).

In the absence of diversity jurisdiction, removal to federal court is only proper when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . [n]or can federal jurisdiction rest upon an actual or anticipated counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fielder v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3).

Here, Ortiz alleges in his notice of removal that R.W. Zukin Corporation did not comply with the Civil Rights Act of 1968, his defense to the unlawful detainer action. This is insufficient as a basis for removal because federal question jurisdiction cannot be based on a defense. If defendant does not demonstrate federal subject matter jurisdiction, this case will be remanded back to Monterey County Superior Court.

For additional guidance, defendant may refer to the Court's Pro Se Handbook, available on the Court's website at http://www.cand.uscourts.gov/prosehandbook, or contact the Federal Pro Se Program at the San Jose Courthouse, which provides information and limited-scope legal advice to pro se litigants in civil cases. The Federal Pro Se Program is available by appointment and on a drop-in basis. The Federal Pro Se Program is available at Room 2070 in the San Jose United States Courthouse (Monday to Thursday 1:00 – 4:00 pm), or The Law Foundation of Silicon Valley, 152 N. 3rd Street, 3rd Floor, San Jose, CA (Monday to Thursday 9:00 am – 12:00 pm), or by calling (408) 297-1480.

**IT IS SO ORDERED.**

Dated: May 18, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge