UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.W. ZUKIN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ALEX R. ORTIZ,<br><br>Defendant. | Case No.15-cv-02188-NC<br><br>**REFERRAL FOR REASSIGNMENT WITH RECOMMENDATION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 1 |

Defendant Alex Ortiz filed a notice of removal alleging that this Court has federal question jurisdiction under 28 U.S.C. § 1331. On May 18, 2015, this Court ordered defendant to show cause by May 25, 2015 why removal was proper. Defendant failed to respond. The parties also failed to comply with the Court's order to consent to or decline its jurisdiction. Accordingly, the Court REFERS this case for REASSIGNMENT to a district court judge. The Court RECOMMENDS that the district court REMAND the action to the Superior Court of California for Monterey County for lack of subject matter jurisdiction.

////

Case No.: 15-cv-02188-NC

## I. BACKGROUND

Plaintiff R.W. Zukin Corp. is a California corporation and owns the property at 201 Glenwood Circle, Apartment #107, Monterey, California. Dkt. No. 1 at 12. R.W. Zukin Corp. brought a limited claim for unlawful detainer in Monterey County Superior Court against Alex Ortiz to evict him from the property and recover damages in the amount of $1597.00 and $53.13 per day from May 1, 2015. *Id.* at 12-15. Ortiz responded to the complaint and denied the allegations. *Id.* at 3-7. On May 15, 2015, Zukin removed the action to federal court alleging federal subject matter jurisdiction under 28 U.S.C. § 1331 and the Civil Rights Act of 1968.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal of a state court action to federal court is appropriate only if the federal court would have had original subject matter jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a). A federal district court must remand a removed case to state court "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). In deciding whether removal was proper, courts strictly construe the removal statute against finding jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing that removal was appropriate. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). Where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

//

## III. DISCUSSION

The Court lacks subject matter jurisdiction over this action under 28 U.S.C. § 1331 because R.W. Zukin Corp.'s claims arise under state law. In the absence of diversity jurisdiction, removal to federal court is only proper when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . [n]or can federal jurisdiction rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fielder v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3).

Here, Ortiz alleges in his notice of removal that R.W. Zukin Corporation did not comply with the Civil Rights Act of 1968, his defense to the unlawful detainer action. This is insufficient as a basis for removal because federal question jurisdiction cannot be based on a defense. Ortiz also appears to argue that plaintiff should have alleged its compliance with the Civil Rights Act of 1968 in the complaint. However, the well pleaded complaint rule for federal jurisdiction "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc.*, 482 U.S. at 392. No federal law question is presented in the complaint, so the Court does not have jurisdiction under § 1331.

Additionally, the Court also lacks subject matter jurisdiction under § 1332 because the parties are not diverse. R.W. Zukin Corp. is a California corporation, and defendant Alex Ortiz rents the property, and has rented it for over one year, in Monterey, California. It appears that both parties are citizens of the same state, so jurisdiction cannot be based on the diversity of the parties.

## IV. CONCLUSION

The facts alleged fail to show federal subject matter jurisdiction over this action. Because no party has consented to the jurisdiction of a magistrate judge under 28 U.S.C. §

Case No.:15-cv-02188-NC            3

1  636(c), this Court does not have authority to make a dispositive ruling in this case.
2  Therefore, this Court REFERS this case for REASSIGNMENT to the district court and
3  RECOMMENDS that the suit be REMANDED to the Superior Court of California for
4  Monterey County.  Any party may object to this order within 14 days.  Fed. R. Civ. P.
5  72(b).

**IT IS SO ORDERED.**

Dated:  May 29, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge